[Cite as *State v. Bolware*, 2018-Ohio-4434.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170691 |
| | | C-170692 |
| Plaintiff-Appellee, | : | C-170693 |
| | | TRIAL NOS. B-1403009 |
| vs. | : | B-1503778 |
| | | B-1702916 |
| KEVIN BOLWARE, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  November 2, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}   In five assignments of error, defendant-appellant Kevin Bolware claims that he was improperly found guilty of and sentenced for felonious assault. For the reasons set forth below, we affirm Bolware's conviction, but remand the cause to the trial court for further proceedings relating to the imposition of consecutive sentences.

### Differing Accounts

{¶2}   Bolware met the victim in this case in the fall of 2016. The two would meet a few times a month for sex. On February 10, 2017, the victim invited Bolware to her apartment. After engaging in intercourse, the two began to argue. The victim testified that Bolware punched her in the side of the head. The victim retrieved pepper spray from a drawer and sprayed Bolware with it. The victim testified that Bolware then started to leave, but turned and resumed his assault. According to her, he punched her numerous times and clawed at her eyes. He then stomped on her while she was on the ground.

{¶3}   A neighbor testified that she heard the commotion and came to investigate. She saw Bolware standing over the victim and could smell the pepper spray in the air. She testified that she saw Bolware stomping on the victim and striking her several times. She yelled for Bolware to leave the victim alone, and Bolware fled from the apartment with the victim's cell phone and keys. A few hours later, the victim's eyes began to swell and she went to the hospital. The victim suffered bruising, cuts, lacerations, and four broken ribs. An initial report was taken by a police officer at the scene, but further investigation did not occur until later when the victim identified Bolware as the assailant. Both the victim and the neighbor identified Bolware from a photo array.

{¶4} Bolware was indicted, in the case numbered B-1702916, for one count of felonious assault and one count of aggravated robbery. As a result of the charges and additional violations, his community control in the cases numbered B-1403009 and B-1503778 was terminated. The B-1702916 matter proceeded to a jury trial. At the conclusion of the trial, Bolware was found guilty of felonious assault, but acquitted on the charge of aggravated robbery. He was sentenced to eight years in prison, which he was ordered to serve consecutively to the prison terms imposed in the cases numbered B-1403009 and B-1503778, which had been ordered to be served consecutively to each other.

**Prosecutorial Misconduct—No Prejudice**

{¶5} In the first two assignments of error, which he has argued together, Bolware attack statements made by the prosecutor during the course of the trial. After each statement, defense counsel had objected and requested a mistrial. The first assignment of error claims that the trial court abused its discretion when it failed to grant a mistrial as a result of the comments. The second assignment of error claims that the statements deprived him of a fair trial. We will address the assignments together.

{¶6} Bolware groups the first two instances together as attempts by the prosecutor to improperly refer to his criminal history. The first instance occurred during voir dire when the prosecutor said, "You are not allowed to know things about the defendant. You are not allowed to know what if any criminal history the defendant has. You are not allowed to know information that may be obtained through investigative sources to determine the defendant's background." During opening statements, the prosecutor told the jury that Bolware was identified when the victim and witness reviewed a packet of information "used by police where they put a series of mug shots together of people."

{¶7}  Bolware groups the second two instances together as improper attempts to denigrate defense counsel during rebuttal closing argument.  In the first instance, the prosecutor said,

> [W]hat I have struck about [sic] in this case, it finally hit me, was when [defense counsel] said to you—he talked to about the lie right from the start. * * * What was the lie?  You sat here and you listened to it yesterday * * * when [defense counsel] stood up and told you about the case.  He talked to you about legs being grabbed, he talked about the victim doing drugs, being a cokehead, doing cocaine * * *.

The second instance occurred a few moments later when the state characterized the defense's case as the "nutty and slutty" defense.

> You heard all these things come out of defense counsel's mouth * * * His explanation of this case was a raging prostitute that was upset that one of her johns wouldn't come and stay with her * * * Did you hear one scintilla of evidence to support that argument?  Did anyone have the moral courage to sit in that witness chair and say "this woman was a prostitute?"

{¶8}  But even if we were to conclude that the remarks cited were improper, they did not prejudicially affect Bolware's substantial rights.  The granting or denial of a motion for a mistrial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  *State v. Treesh*, 90 Ohio St.3d 460, 480, 739 N.E.2d 749 (2001). To show an abuse of discretion in failing to grant a mistrial, the defendant must demonstrate material prejudice.  *See State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 198.  Similarly, the test for prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected the accused's substantial rights.  *See State v. Drummund*,

4

111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 226, citing *State v. Smith*, 14 Ohio St.3d 13, 14-15, 470 N.E.2d 883 (1984). The touchstone of our analysis "is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

{¶9} Each instance represented an isolated comment in a trial that spanned several days. "[I]solated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *State v. Gapen*, 104 Ohio St.3d 358, 2004-Ohio-6548, 819 N.E.2d 1047, ¶ 106, citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 647, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Thus, "[n]ot every intemperate remark by counsel can be a basis for reversal." *State v. Landrum*, 53 Ohio St.3d 107, 112, 559 N.E.2d 710 (1990). And there can be no prejudice where the remaining evidence of guilt is so overwhelming that the outcome of the case would have been the same regardless of evidence admitted erroneously. *State v. Williams*, 38 Ohio St.3d 346, 349, 528 N.E.2d 910 (1988).

{¶10} In this case, the instances cited by Bolware were not so significant that they deprived him of a fair trial. None of the comments became recurring themes in the case, and they were not repeated. Furthermore, the evidence against Bolware was such that we do not question the guilty finding the jury reached. The trial court did not err when it denied Bolware's motions for a mistrial, and he was not denied his right to due process by comments made by the prosecutor. We overrule Bolware's first and second assignments of error.

### Sufficiency and Weight of the Evidence

{¶11} Bolware argues his third and fourth assignments of error together. In his third assignment of error, Bolware claims that his conviction was based upon insufficient evidence. In his fourth assignment of error, he claims that his conviction was contrary to the manifest weight of the evidence. We disagree.

5

{¶12} In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In reviewing a challenge to the weight of the evidence, we sit as a "thirteenth juror." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *Id.*

{¶13} Bolware's argument centers solely on the relative value of the evidence. He claims that neither the victim's account nor the testimony of the witness was credible. He argues that the fact that she delayed seeking medical treatment discredited the victim's account of the events. And he argues that there was no physical evidence in the apartment to support the victim's claim. But arguments based on the value of the evidence and the credibility of witnesses are not proper on review of evidentiary sufficiency. *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79. Nothing Bolware has argued supports his contention that his conviction was based upon insufficient evidence. We overrule Bolware's third assignment of error.

{¶14} Turning to Bolware's manifest-weight argument, we note that reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983), paragraph three of the syllabus. The jury, as the trier of fact, is in the best position to judge the credibility of the witnesses. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967),

paragraph one of the syllabus. After reviewing the record, we hold that there was nothing about the testimony presented by the victim and the witness which would make their version so incredible that it indicates the jury lost its way. We also cannot conclude that the jury created a manifest miscarriage of justice by choosing to find the testimony of the state's witnesses credible. *See Thompkins* at 386. We overrule Bolware's fourth assignment of error.

**Consecutive Sentences Unsupported**

{¶15} In his final assignment of error, Bolware claims that the trial court failed to make the appropriate findings when sentencing him to consecutive prison terms. We agree.

{¶16} At the sentencing hearing, the trial court did not make any findings to support its decision to order Bolware to serve his sentence in the case numbered B-1702916 consecutively to the sentences imposed in the cases numbered B-1403009 and B-1503778, but findings were incorporated into the trial court's sentencing entry. Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. In order to impose consecutive terms of imprisonment, a trial court must make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at syllabus.

{¶17} The state noted that the prosecutor mentioned factors that could have supported the imposition of consecutive sentences and that "[w]hile the trial court did not repeat the prosecutor's statements, they completely justify the imposition of a maximum, consecutive sentence." That is insufficient. There is no indication that the trial court agreed with the statements the prosecutor made or adopted the statements as its own. Accordingly, we must vacate the consecutive nature of

7

Bolware's sentences and remand the cause for the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to make the required findings on the record and incorporate those findings in the sentencing journal entry. We sustain Bolware's fifth assignment of error.

### Conclusion

{¶18} Having considered each of Bolware's assignments of error, we affirm the judgments of the trial court in part, vacate the sentences in part, and remand the matter for further proceedings.

Judgments affirmed in part, sentences vacated in part, and cause remanded.

**ZAYAS** and **MYERS, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.